IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN M. CISLO                                                                                           PLAINTIFF

v.                                        Civil No. 08-3014

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, John Cislo, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## Procedural Background

The plaintiff filed his applications for DIB and SSI on November 9, 2004, alleging an onset date of April 1, 2004, due to lumbar degenerative disc disease, carpal tunnel syndrome, and left knee degenerative joint disease. (Tr. 70-74, 134-147). His application was initially denied and that denial was upheld upon reconsideration. (Tr. 41). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on May 15, 2007.[1] (Tr. 373-394). Plaintiff was present and represented by counsel.

---

[1] A hearing was originally scheduled for September 11, 2006, however, it was postponed after information was received indicating that plaintiff had returned to work after his alleged onset date. (Tr. 21-22).

AO72A
(Rev. 8/82)

At this time, plaintiff was 49 years of age and possessed a twelfth grade education and two years of college credit. (Tr. 70, 140). He had past relevant work ("PRW") as a stationary engineer. (Tr. 23, 212-214).

On September 24, 2007, the ALJ found that plaintiff had a combination of severe impairments, but he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 18). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; push and pull similar weights with the upper and lower extremities; and, occasionally climb, balance, kneel, crouch, crawl, and stoop. He also found that plaintiff's ability to move and turn as needed to reach in certain directions was limited by back pain. (Tr. 20). With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a counter clerk or school bus monitor. (Tr. 23-24 ).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 11, 2008. (Tr. 8-10). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion**

Of particular concern to the undersigned is the ALJ's failure to properly consider all of plaintiff's impairments in combination when determining his RFC. The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects. *Delrosa v. Sullivan*, 922 F.2d 480, 484 (8th Cir. 1991) (citing *Johnson v. Secretary of Health & Human*

*Servs.*, 872 F.2d 810, 812 (8th Cir. 1989). In the present case, therefore, the ALJ was obligated to consider the combined effect of [Plaintiff]'s physical and mental impairments. *Id. at 484, citing Reinhart v. Secretary of Health & Human Servs.*, 733 F.2d 571, 573 (8th Cir. 1984); *Wroblewski v. Califano*, 609 F.2d 908, 914 (8th Cir. 1979). It should be noted that Plaintiff alleged numerous impairments. Under these circumstances, the Social Security Act requires the Commissioner to consider all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *Cunningham v. Apfel*, 222 F.3d 496, 501 (8th Cir. 2000).

Records indicate that plaintiff had been diagnosed with carpal tunnel syndrome of the right upper extremity, in addition to lower back pain and left knee degenerative joint disease. (Tr. 285-286, 288-294, 296-300, 314-316, 346-347). The ALJ did not find plaintiff's carpal tunnel syndrome to be severe, nor did he consider it in his RFC assessment. *See Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (impairment is not severe if it is only slight abnormality that would not significantly limit mental ability to do basic work activities; claimant bears burden of establishing severe impairment). We note, however, that January 2006 nerve conduction studies revealed moderate to severe carpal tunnel syndrome. (Tr. 346). Dr. John Huffman, an orthopaedic surgeon, concluded that plaintiff was a candidate for carpal tunnel surgery. We also note that plaintiff's treating rheumatologist, Dr. Hussan Alissa, completed an RFC assessment indicating that plaintiff could only occasionally reach, handle, finger, and feel. (Tr. 336-337). Further, a consultative neurologist, Dr. Jenifer Zhai, determined that plaintiff would have limitations reaching in all directions. (Tr. 317-326). An attempt at clarification by the ALJ

4

resulted only in Dr. Zhai's statement that plaintiff would experience difficulty reaching in all directions when standing. (Tr. 338).

The ALJ concluded that plaintiff's carpal tunnel syndrome was not "severe" based on the plaintiff's failure to undergo surgery and the fact that he had performed substantial gainful activity after his alleged onset date. However, the record also makes clear that plaintiff did not have insurance. In fact, he told Dr. Huffman that he would rather focus on his back pain at that time. (Tr. 346-347). It is possible that plaintiff maybe have been choosing to undergo treatment for his back, rather than his arm, due to his financial situation, rather than going against medical advice. *See Tome v. Schweiker,* 724 F.2d 711, 714 (8th Cir.1984) (holding that a claimant's lack of financial resources may justify his/her failure to follow medical advice). As such, we believe the ALJ erred in failing to consider plaintiff's carpal tunnel syndrome severe and failing to incorporate any limitations resulting therefrom into his RFC assessment.

Because the record does not contain an RFC assessment from Dr. Huffman, on remand, the ALJ is directed to address interrogatories to him, asking him/her to review plaintiff's medical records during the relevant time period; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for his/her opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ should also recontact Dr. Zhai to further clarify her statement concerning plaintiff's reaching limitations.

5

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of June 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**